IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GENA L. PHILLIPS,** )  )  Plaintiff, )  )  V. )  )  **JO ANNE B. BARNHART,** )  **Commissioner of Social Security,** )  )  Defendant. ) | Civil No. **04-466-CJP**[1] |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Gena L. Phillips' "Appeal of Magistrate Judge Decision to District Court," filed pursuant to Local Rule 73.1(b), taking issue with the Court's final decision affirming the agency decision denying plaintiff a Period of Disability (POD) pursuant to 42 U.S.C. § 416(i), Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423, and Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 1382. **(Doc. 18).** In the alternative, plaintiff requests that the Court alter or amend judgment in accordance with Federal Rule of Civil Procedure 59(e). As fully explained by order dated October 13, 2006, plaintiff's motion is construed as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). **(Doc. 19).**

By written opinion dated January 30, 2004, Administrative Law Judge Anne C. Pritchett concluded that plaintiff Gena L. Phillips was not disabled, and that, despite two "severe"

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties **(Docs. 4 and 8)**, U.S. District Judge J. Phil Gilbert referred this case to the undersigned Magistrate Judge for any and all proceedings and entry of judgment **(Doc. 15)**.

impairments (epilepsy and marijuana abuse), those disorders did not meet or equal one of the presumed disabling Medical Listings, and she was capable of performing past work as a cashier. Plaintiff challenged the denial of benefits, arguing:

> (1) The ALJ erred at Step 2[2] by finding that plaintiff's history of cannabis abuse was a severe impairment;
>
> (2) The ALJ erred at Step 3 by finding that plaintiff's epilepsy did not meet or equal Listings 11.02 and/or 11.03 because only a perfunctory analysis– a single sentence– is offered;
>
> (3) The ALJ erred in finding plaintiff not entirely credible.; and
>
> (4) The ALJ erred by ignoring the vocational expert's testimony that uncontrolled seizures would preclude plaintiff's ability to work as a cashier, and not posing a hypothetical based on the ALJ's finding that plaintiff's seizures were not totally controlled.

**(Doc. 9).**

The Court upheld the agency decision. **(Doc. 16).** Plaintiff now argues that the Court misapplied 20 C.F.R. § 404.1530(a) and case law, which dictate that failure to follow prescribed treatment will preclude receipt of benefits only if the treatment can restore the ability to work. Plaintiff notes that the Court did not discuss whether taking prescribed medication would have enabled plaintiff to work. **(Doc. 18).**

Defendant counters that Section 404.1530 and plaintiff's failure to follow prescribed

---

[2]Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. In essence, it must be determined (1) whether the claimant is presently employed; (2) whether the claimant has an impairment or combination of impairments that is severe; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. ***See Schroeter v. Sullivan*, 977 F.2d 391, 393 (7th Cir. 1992);** *see also* **20 C.F.R. §§ 416.920(b-f) and 404.1520(b-f).**

treatment were discussed in the context of plaintiff's second point of error, regarding whether plaintiff's epilepsy met or equaled Listings 11.02 and/or 11.03, therefore no analysis of whether the medication would enable plaintiff to work was required.  Defendant further contends that Section 404.1530 was one of many factors discussed by the ALJ in finding plaintiff not entirely credible.  Moreover, defendant argues that the decision to bar plaintiff from receiving benefits was not pursuant to Section 404.1530 and her non-compliance.  Defendant asserts there has been no manifest error of law or fact to warrant altering or amending judgment.  **(Doc. 24).**

A motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment may only be granted if there has been a manifest error of law or fact, or new evidence has been discovered that is material and could not have been discovered previously.  *Neal v. Newspaper Holdings, Inc.*, **349 F.3d 363, 368 (7th Cir. 2003)***; Figgie International, Inc. v. Miller,* **966 F.2d 1178, 1180 (7th Cir. 1992).**

Section 404.1530(a) clearly states: "In order to get benefits, you must follow treatment prescribed by your physician *if this treatment can restore your ability to work.*"  **20 C.F.R. § 404.1530(a) (emphasis added).**

In analyzing whether the ALJ erred by finding that plaintiff's epilepsy did not meet or equal Listings 11.02 and/or 11.03, the Court stated the following:

> The pertinent Listings are as follows:
>
>> 11.02 Epilepsy--convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; *occurring more frequently than once a month in spite of at least 3 months of prescribed treatment*.
>>
>>> A. Daytime episodes (loss of consciousness and convulsive seizures) or

3

> B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

> 11.03 Epilepsy--nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; *occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment*. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

**20 C.F.R. Pt. 404, Subpt. P., App. 1, Pt. A, §§ 11.02 and 11.03 (emphasis added).**

> *Under 11.02 and 11.03, the criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment. Adherence to prescribed antiepileptic therapy can ordinarily be determined from objective clinical findings in the report of the physician currently providing treatment for epilepsy.* Determination of blood levels of phenytoin sodium or other antiepileptic drugs may serve to indicate whether the prescribed medication is being taken. When seizures are occurring at the frequency stated in 11.02 or 11.03, evaluation of the severity of the impairment must include consideration of the serum drug levels. *Should serum drug levels appear therapeutically inadequate, consideration should be given as to whether this is caused by individual idiosyncrasy in absorption of metabolism of the drug.* Blood drug levels should be evaluated in conjunction with all the other evidence to determine the extent of compliance. *When the reported blood drug levels are low, therefore, the information obtained from the treating source should include the physician's statement as to why the levels are low and the results of any relevant diagnostic studies concerning the blood levels.* Where adequate seizure control is obtained only with unusually large doses, the possibility of impairment resulting from the side effects of this medication must be also assessed. *Where documentation shows that use of alcohol or drugs affects adherence to prescribed therapy or may play a part in the precipitation of seizures, this must also be considered in the overall assessment of impairment level.*

**20 C.F.R. Pt. 404, Subpt. P., App. 1, Pt. A, § 11.00 (emphasis added).**

> Similarly, 20 C.F.R. § 404.1530 requires adherence to prescribed treatment, or one will be not be found disabled.

**(Doc. 16, pp. 13-14).** The Court went on to observe, "Plaintiff has turned a blind eye to the ALJ's discussion of evidence that plaintiff has been noncompliant with her medication by having subtherapeutic levels, and has used marijuana up until almost one month before the January 2004 hearing." **(Doc. 16, p. 14).** The Court then offered a lengthy analysis of the evidence relating to plaintiff's seizure history as a segue to plaintiff's contention that it was error for the ALJ to find her not entirely credible. **(Doc. 16, pp. 14-17).**

The Court spent the better part of three pages assessing the evidence and plaintiff's credibility. The last factual dispute addressed pertained to the ALJ's remarks about plaintiff horseback riding. The Court stated:

> The ALJ's remarks about plaintiff horseback riding are superfluous. By plaintiff's own admission, when she is not having seizures she has no limitations to speak of; she considered herself ready, willing and able to work. <u>Again</u>, the fact that plaintiff has not followed prescribed treatment, which is documented to include both consistently taking her medication and not using marijuana, is <u>fatal</u> to her disability claim. **20 C.F.R. § 404.1530;** *Barrett v. Barnhart*, **355 F.3d 1065, 1068 (7th Cir. 2004);** *Godbey v. Apfel*, **238 F.3d 803, 809 (7th Cir. 2000); and** *Shramek v. Apfel*, **226 F.3d 809, 812 (7th Cir. 2000) .** Similarly, the fact that the ALJ acknowledged that plaintiff's seizures are not totally controlled does nothing to change the situation. Until plaintiff can demonstrate that she has followed prescribed treatment in all respects, or shown a good reason why she cannot, she cannot be found disabled. Therefore, the vocational expert's testimony that a person with uncontrolled seizures could not perform any work is irrelevant.

**(Doc. 16, p. 17).**

The Court's reference to Section 404.1530 in the analysis of whether plaintiff met Listings 11.02 and 11.03 is an aside, as the use of the word "similarly" indicates. Section 404.1530 had no bearing on the Court's analysis and conclusion that plaintiff had failed to meet

the clear criteria set forth in Listings 11.02 and 11.03.

The Court's final reference to Section 404.1530 and related cases was a mistake of law. The issues before the Court were plaintiff's credibility, and whether the ALJ erred by ignoring the vocational expert's testimony that uncontrolled seizures would preclude plaintiff's ability to work as a cashier, and not posing a hypothetical based on the ALJ's finding that plaintiff's seizures were not totally controlled. The Court's order indicates credibility was a factor at steps three and four in the five-step analytical process. **(Doc. 16, p. 15).** As mentioned above, step three pertains to the listings of presumptively disabling conditions; step four relates to residual functional capacity. Finding that plaintiff was not disabled and was capable of performing her past work as a cashier, the ALJ did not have to go farther than step four. The ALJ did not implicate Section 404.1530 in her decision, and this Court should have followed suit.

Having rejected the notion that plaintiff met one of the presumptively disabling listings, and having justifiably concluded that she was not entirely credible, the ALJ– and this Court– could not apply Section 404.1530. Social Security Ruling 82-59, cited by plaintiff, requires a claimant be disabled before failure to follow prescribed treatment comes into play. Therefore, plaintiff's motion to alter or amend judgment is well taken. Accordingly, the Court's order and judgment and judgment will be vacated. With that said, the Court's ultimate conclusion is not altered.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiff's "Appeal of Magistrate Judge Decision to District Court" **(Doc. 18)**, which is construed as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall vacate the Court's order

dated September 29, 2005 **(Doc. 16)** and the Judgment entered that same date **(Doc. 17)**.  A revised order and judgment will be entered.

   **IT IS SO ORDERED.**

   **DATED: March 28, 2007**

                                      **s/ Clifford J. Proud**
                                      **CLIFFORD J. PROUD**
                                      **U. S. MAGISTRATE JUDGE**